**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (SBN: 216752)
tfriedman@attorneysforconsumers.com
Suren N. Weerasuriya, Esq. (SBN: 278521)
sweerasuriya@attorneysforconsumers.com
Adrian R. Bacon (SBN: 280332)
abacon@attorneysforconsumers.com
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (866) 633-0228
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAS JACKSON and JOSH KOFFMAN, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHOLE FOODS MARKET, INC., <br><br> Defendant | **Case No.:** <br><br> **CLASS ACTION COMPLAINT** |

## <u>INTRODUCTION</u>

1.  This is a class action, brought under California law, on behalf of a class of California citizens who purchased "Whole Foods 365 Everyday Value Plain Greek Yogurt," in one of the 64 Whole Foods Market stores located in the State of California, between August 26, 2010 and the present.

2. The "Nutrition Facts" label on each and every container of "Whole Foods 365 Everyday Value Plain Greek Yogurt" states in uniform language that this product contains 2 grams of sugar per 170 gram serving.

3. This written, uniform statement of fact on each such "Nutrition Facts" label is false.

4. In actuality, as confirmed in six recent tests conducted by the noted consumer publication "Consumer Reports," "Whole Foods 365 Everyday Value Plain Greek Yogurt" contains at least 11.4 grams of sugar per 170 gram serving – nearly six times the amount stated on the product's label. See Attachment A, Consumer Report article dated July 17, 2014.

5. By comparison, according to the USDA, the sugar content of an ice cream sandwich is 13 grams; only slightly more than the 11.4 gram sugar content of "Whole Foods 365 Everyday Value Plain Greek Yogurt."

6. Whole Foods Market's website brags to consumers about how thoroughly Whole Foods Market checks the accuracy of the labels of its store brands, telling consumers:

> **"Our Private Label registered dietician reviews each nutrition label for accuracy and completeness before the label is printed. All attempts are made to review nutrition labels on a regular basis to ensure accuracy"**

7. Unless this statement on Defendant's website is false, then Whole Foods Market was fully aware of the contents of its store brand plain Greek

yogurt and of the fact that the yogurt's actual sugar content was dramatically higher than what is stated on the label.

8. Upon information and belief, Defendant Whole Foods Market, Inc. has been fully aware that it was drastically understating the amount of sugar on the "Whole Foods 365 Everyday Value Plain Greek Yogurt" label and that the actual sugar content of the product was many times higher than the 2 grams per serving falsely stated on the label.

9. The Greek yogurt offered by Defendant's competitors generally have a listed sugar content of between 5 and 10 grams of sugar per serving.

10. Indeed, no Greek yogurt on the market actually has only 2 grams of sugar per serving, because all Greek yogurt – even yogurt to which no sugar is added and/or which is artificially "sweetened" – naturally contains more than 2 grams of sugar lactose.

11. By falsely claiming a sugar content of only 2 grams per serving, Defendant Whole Foods Market, Inc. sought to give itself a competitive advantage and to use this false statement of contents to induce consumers to purchase "Whole Foods 365 Everyday Value Plain Greek Yogurt."

12. Despite the test results published by Consumer Reports, Whole Foods Market has not pulled the mislabeled yogurt off its shelves and continues to

sell the mislabeled product to consumers in its California stores every day, bearing the same inaccurate label.

13. This complaint seeks injunctive, declaratory and monetary relief for Plaintiffs and the proposed class of California purchasers, under the California Business and Professions Code, the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, et seq and California common law relating to express warranties.

## JURISDICTION AND VENUE

14. All claims in this matter arise exclusively under California law.

15. This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased "Whole Foods 365 Everyday Value Plain Greek Yogurt" at the Whole Foods Market store located at 6350 West Third St., Los Angeles, California, Plaintiff resides in the Central District of California and Defendant Whole Foods Market, Inc. does business, inter alia, in the Central District of California.

16. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member

of the plaintiff class is a citizen of a State different from the State of

citizenship of any defendant, and the matter in controversy exceeds the sum

of $5,000,000.00, exclusive of interests and costs.

17. In the case at bar, there are at least 100 members in the proposed Class and

Sub-classes,  the total claims of the proposed Class members are in excess

of $5,000,000.00 in the aggregate, exclusive of interests and costs, and

Plaintiffs and the class are citizens of California State and Defendant is a

Texas corporation.

## **THE PARTIES**

18. Plaintiff Chas Jackson resides in Los Angeles, California.

19. Like all members of the proposed class, Plaintiff Jackson is a California

citizen who purchased "Whole Foods 365 Everyday Value Plain Greek

Yogurt" from a Whole Foods Market located in the State of California

between August 26,  2000 and the present, which stated on "Nutrition

Facts" label that the yogurt contained "Sugars 2g" per 170 gram serving**.**

20. Specifically, Plaintiff Jackson purchased "2% Whole Foods 365 Everyday

Value Plain Greek Yogurt" from a Whole Foods Market located in

California on various dates between August 25, 2000 and August 25, 2014,

including on August 21, 2014, when Mr. Jackson purchased a container of

"2% Whole Foods 365 Everyday Value Plain Greek Yogurt" for $1.29 at

the Whole Foods Market at 6350 West Third St., Los Angeles, California, which stated on its label "Sugars 2g" per 170 gram serving.

21. Plaintiff Josh Koffman resides in West Hollywood, California.

22. Like all members of the proposed class, Plaintiff Koffman is a California citizen who purchased "Whole Foods 365 Everyday Value Plain Greek Yogurt" from a Whole Foods Market located in the State of California between August 26, 2000 and the present, which stated on "Nutrition Facts" label that the yogurt contained "Sugars 2g" per 170 gram serving.

23. Specifically, Plaintiff Koffman purchased "0% Whole Foods 365 Everyday Value Plain Greek Yogurt" from a Whole Foods Market located in California on various dates between August 25, 2000 and August 25, 2014, including on August 21, 2014, when Mr. Koffman purchased a container of "0% Whole Foods 365 Everyday Value Plain Greek Yogurt" for $5.99 at the Whole Foods Market at 7871 Santa Monica Blvd, West Hollywood, California, which stated on its label "Sugars 2g" per 170 gram serving.

24. Defendant Whole Foods Market Group, Inc. is incorporated in Delaware and maintains its principal executive offices at 550 Bowie Street in Austin, Texas.

## CLASS ACTION ALLEGATIONS

25. Plaintiffs bring this action as a class action pursuant to Fed.R.Civ.P. 23, on

behalf of a class defined as:

> All California citizens who, between August 26, 2000 and the present, purchased "Whole Foods 365 Everyday Value Plain Greek Yogurt" from a Whole Foods Market located in the State of California.

26. Plaintiff Koffman also brings this action as a class action pursuant to

Fed.R.Civ.P. 23, on behalf of a class defined as:

> All California citizens who, between August 26, 2000 and the present, purchased "Whole Foods 365 Everyday Value Plain Greek Yogurt" from a Whole Foods Market located in the State of California and paid with a credit card, debit card or through Defendant's "online ordering" system.

27. Plaintiff Jackson also brings this action as a class action pursuant to

Fed.R.Civ.P. 23, on behalf of a sub-class defined as:

> All California citizens who, between August 26, 2000 and the present, purchased "2% Whole Foods 365 Everyday Value Plain Greek Yogurt" from a Whole Foods Market located in the State of California.

28. Plaintiff Koffman also brings this action as a class action pursuant to

Fed.R.Civ.P. 23, on behalf of a sub-class defined as:

> All California citizens who, between August 26, 2000 and the present, purchased "0% Whole Foods 365 Everyday Value Plain Greek Yogurt" from a Whole Foods Market located in the State of California.

29. The class and sub-classes for whose benefit this action is brought are each so numerous that joinder of all members is impracticable.

30. Upon information and belief, the proposed class is composed of over 10,000 persons and each proposed sub-class is composed of at least 5,000 persons.

31. No violations alleged in this complaint are a result of any oral communications or individualized interaction of any kind between class members and Defendant.

32. Rather, all claims in this matter arise from the identical, false, written affirmative statements on the "Nutrition Facts" label on "Whole Foods 365 Everyday Value Plain Greek Yogurt,"  which states in uniform language that the product contains "Sugars 2g" per 170 gram serving.

33. There are common questions of law and fact affecting the rights of the class and subclass members, including, <u>inter</u> <u>alia</u>, the following:

   a. Whether "Whole Foods 365 Everyday Value Plain Greek Yogurt" contains more than "Sugars 2g" per 170 gram serving;

   b. Whether Defendant was aware that "Whole Foods 365 Everyday Value Plain Greek Yogurt," contained at least 11 grams of sugar per 170 gram serving;

   c. The date Defendant became aware that "Whole Foods 365 Everyday Value Plain Greek Yogurt," contained at least 11 grams of sugar per 170 gram serving;

d.  Whether Defendant's act, in placing the words "Sugars 2g" per
    170 gram serving on Defendant's "Nutrition Facts" label for
    "Whole Foods 365 Everyday Value Plain Greek Yogurt," was
    a violation of the California Business and Professions Code;

e.  Whether Defendant's act in placing the words "Sugars 2g" per
    170 gram serving on Defendant's "Nutrition Facts" label for
    "Whole Foods 365 Everyday Value Plain Greek Yogurt"
    violated California common law regarding express warranty;
    and

f.  Whether Plaintiffs and the class are entitled to an order for
    declaratory and injunctive relief directing Defendant to cease
    the practice of mislabeling "Whole Foods 365 Everyday Value
    Plain Greek Yogurt" as containing "Sugars 2g,"  directing
    Defendant to cease selling this mislabeled product in California
    State, and other injunctive and declaratory relief.

34. Plaintiffs are each members of the class and sub-classes they seek to
    represent.

35. The claims of plaintiffs are not only typical of all class and sub-class
    members, they are identical.

36. All claims of plaintiffs and the class and sub-classes arise from the same
    identical, false, written statement of affirmative fact on the **"Nutrition
    Facts"** label for "Whole Foods 365 Everyday Value Plain Greek Yogurt"
    which stated **"Sugars 2g"** per 170 gram serving.

37. All claims of plaintiffs and the class are based on the exact same legal
    theories.

38. Plaintiffs have no interest antagonistic to, or in conflict with, the class or sub-classes.

39. Plaintiffs will thoroughly and adequately protect the interests of the class and sub-classes, having retained qualified and competent legal counsel to represent themselves and the class and sub-classes.

40. Defendant has acted and refused to act on grounds generally applicable to the class and sub-class, thereby making appropriate injunctive and declaratory relief for the class as a whole.

41. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

42. A class action is the only practical, available method for the fair and efficient adjudication of the controversy since, inter alia, the damages suffered by each class member were less than $5 per container purchased and, as such, individual actions are not economically feasible.

43. Common questions will predominate, and there will be no unusual manageability issues.

## **FACTUAL ALLEGATIONS**

44. Defendant is in the business of manufacturing, distributing, marketing, and selling, inter alia, "Whole Foods 365 Everyday Value Plain Greek Yogurt."

45. The "Whole Foods 365 Everyday Value Plain Greek Yogurt" is a an exclusive Whole Foods Market store brand, which, as with Defendant's other products, Defendant sells under the store motto "Health Starts Here."

46. Whole Foods Market's website touts the high nutritional value of its products, stating:

> **"Healthy eating is a basic foundation for optimum health and well-being. By supporting healthy eating education we inspire and empower our stakeholders to make the best health-supportive, delicious foods choices to maximize personal health and vitality."**

42. Defendant maintains 64 Whole Foods Market stores in the State of California.

43. Since the initial offering of "Whole Foods 365 Everyday Value Plain Greek Yogurt," each and every **"Nutrition Facts"** label on each container of "Whole Foods 365 Everyday Value Plain Greek Yogurt" sold by Defendant has falsely stated that this yogurt contains **"Sugars 2g"** per serving.

44. "Whole Foods 365 Everyday Value Plain Greek Yogurt" comes in two varieties:  a "2% milk fat" version and a "0% milk fat" version.

45. Both plain versions contain identical statements on the label that the product contains **"Sugars 2g"** per 170 gram serving.



46. Both plain versions actually contain over 11 grams of sugar per 170 gram serving.

47. Indeed, in July of 2014, the noted consumer publication "Consumer Reports" published the results of six recent tests conducted by Consumer Reports on "Whole Foods 365 Everyday Value Plain Greek Yogurt," which revealed to the public that "Plain Whole Foods 365 Everyday Value Plain Greek Yogurt" **contains at least 11.4 grams of sugar per 170 gram serving**—nearly six times the stated on the product's label.  See Attachment A, Consumer Report article dated July 17, 2014.

48. Defendant, as the developer, manufacturer, and exclusive seller and distributor of  "Whole Foods 365 Everyday Value Plain Greek Yogurt" has been aware since the product's inception that the product contains more than 5 times the amount of sugar represented on the product's "Nutrition Facts" label.

49. In fact, Whole Foods Market's website brags to consumers about how thoroughly Whole Foods Market checks the accuracy of the labels of its store brands, telling consumers:

> **"Our Private Label registered dietician reviews each nutrition label for accuracy and completeness before the label is printed. All attempts are made to review nutrition labels on a regular basis to ensure accuracy."**

50. Unless such statements on Defendant's website are false, then Whole Foods Market was fully aware of the contents of its store brand Greek yogurt.

51. Moreover, Defendant was aware that no Greek yogurt on the market has only 2 grams of sugar per 170 gram serving.

52. As Defendant is fully aware, all yogurt naturally contains more than 2 grams of  sugar lactose.

53. Even yogurt into which no additional sugar has been introduced, and even yogurt which is made with non-sugar, artificial "sweeteners," will still naturally contain more than 2 grams of sugar.

54. As Defendant is fully aware, the lowest sugar content of any Greek yogurt for sale on the market is 5 grams per serving; more than twice as much as what Defendant falsely stated on the label for "Whole Foods 365 Everyday Value Plain Greek Yogurt."

55. Thus, Defendant's label is claiming to have less than half the sugar of any other yogurt on the market.

56. Defendant's act in vastly understating the sugar content of "Whole Foods 365 Everyday Value Plain Greek Yogurt" is not harmless trivia.

57. For many members of the class, sugar content is an important component of their diet.

58. Defendant was fully aware that drastically understating the sugar content on the label of its "Whole Foods 365 Everyday Value Plain Greek Yogurt" would give Defendant a competitive advantage over its competitors, all of which list a sugar content at least twice as high as the 2 grams per serving falsely stated on Defendant's label.

59. Many of Defendant's competitors sell their Greek yogurt for substantially less than the price charged by Defendant for "Whole Foods 365 Everyday Value Plain Greek Yogurt."

60. Indeed, numerous internet blogs and consumer websites maintain that Whole Foods Market's prices are generally higher than those of competing

grocery stores, leading some consumers to nickname it "Whole Paycheck Market."

61. These sites maintain that Whole Foods Market attempts to justify its generally higher prices by claiming that the "value" of Defendant's products derives from their high quality and the fact that Defendant's product are "healthier" than other foods.

62. For example, Whole Foods Market's website states:

   **"Our goal is to sell the highest quality ingredients that also offer high value for our consumers. High value is a product of high quality at a competitive price. Our product quality standards focus on ingredients, freshness, taste nutritive value, safety and/or appearance."**

63. It appears that Whole Foods Market attempts to convey the idea to its customers that its higher prices are "worth it" because it has higher quality and healthier products than its competitors.

64. By falsely understating the sugar content of "Whole Foods 365 Everyday Value Plain Greek Yogurt," Defendant made it seem as if the higher price of this product was justified because it had only 2 grams of sugar per serving; which – if true – would have made it the Greek yogurt with the lowest sugar content on the market.

65. Thus, it was Defendant's conscious intent to induce consumers to purchase "Whole Foods 365 Everyday Value Plain Greek Yogurt" by falsely stating

that the sugar content per serving was only 2 grams, when, in fact, the actual sugar content was over 11 grams per serving; higher than the cheaper Greek yogurts being sold by many of Defendant's competitors.

66. Finally, there can simply no dispute that after the Consumer Reports report was published on July 17, 2014, Whole Foods Market had actually notice that the label on its "Whole Foods 365 Everyday Value Plain Greek Yogurt" was erroneous and that this product had more than 5 times the amount of sugar per serving than what it stated on the label.

67. Despite this, Defendant has not removed "2% Whole Foods 365 Everyday Value Plain Greek Yogurt" products bearing these erroneous labels from its shelves, and continued to sell this product in California State, with the same misstatement on the label, after July 17, 2014.

68. In fact, Defendant continues to do so to this very day.

69. Such conduct very clearly exhibits knowing intent on the part of Defendant.

## COUNT I

**California Business and Professions Code § 17200, et seq.**
**Unlawful Business Acts and Practices**

70. Plaintiffs incorporate by reference each allegation set forth above.

71. Defendant's conduct constitutes unlawful business acts and practices.

72. Defendant sold "Whole Foods 365 Everyday Value Plain Greek Yogurt" in California during the Class Period.

73. Defendant is a "person" within the meaning of the Sherman Food Drug & Cosmetic Law, California Health & Safety Code § 109875, et seq. (the "Sherman Law").

74. Defendant's business practices, as described herein, are unlawful under § 17200, et seq. by virtue of Defendant's violations of the advertising provisions of Article 3 of the Sherman Law and the misbranded food provisions of Article 6 of the Sherman Law.

75. Defendant's business practices are unlawful under § 17200, et seq. by virtue of Defendant's violations of § 17500, et seq., which forbids untrue and misleading advertising.

76. Defendant's business practices are unlawful under § 17200, et seq. by virtue of Defendant's violations of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq.

77. Defendant sold Plaintiffs and the Class products that were not capable of being sold or held legally, and which were legally worthless or worth less than advertised, and Plaintiffs and the Class paid a premium price for these products.

78. As a result of Defendant's illegal business practices, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and to restore to any Class Member any money paid for "Whole Foods 365 Everyday Value Plain Greek Yogurt".

79. Defendant's unlawful business acts present a threat and reasonable continued likelihood of injury to Plaintiffs and the Class.

80. As a result of Defendant's conduct, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" by Plaintiffs and the Class.

## COUNT II

**California Business and Professions Code § 17200, et seq.
Unfair Business Acts and Practices**

81. Plaintiffs incorporate by reference each allegation set forth above.

82. Defendant's conduct as set forth herein constitutes unfair business acts and practices.

83. Defendant's conduct in mislabeling and misbranding its food products originated from and was approved at Defendant's headquarters.

84. Defendant sold the "Whole Foods 365 Everyday Value Plain Greek Yogurt" in California during the Class Period.

85. Plaintiffs and members of the Class suffered a substantial injury by virtue of buying Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" that they would not have purchased absent Defendant's illegal conduct.

86. Defendant's deceptive marketing, advertising, packaging and labeling of their "Whole Foods 365 Everyday Value Plain Greek Yogurt" and their sale of unsalable misbranded products that were illegal to possess was of no benefit to consumers, and the harm to consumers and competition is substantial.

87. Defendant sold Plaintiffs and the Class "Whole Foods 365 Everyday Value Plain Greek Yogurt" that were not capable of being legally sold or held and that were legally worthless. Plaintiffs and the Class paid a premium price for the "Whole Foods 365 Everyday Value Plain Greek Yogurt".

88. Plaintiffs and the Class who purchased Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" had no way of reasonably knowing that the products were misbranded and were not properly marketed,

advertised, packaged and labeled, and thus could not have reasonably avoided the injury each of  them suffered.

89. The consequences of Defendant's conduct as set forth herein outweigh any justification, motive or reason therefor.  Defendant's conduct is and continues to be immoral, unethical, unscrupulous, contrary to public policy, and is substantially injurious to Plaintiffs and the Class.

90. As a result of Defendant's conduct, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" by Plaintiffs and the Class.

## COUNT III

### California Business and Professions Code § 17200, et seq.
### Fraudulent Business Acts and Practices

91. Plaintiffs incorporate by reference each allegation set forth above.

92. Defendant's conduct as set forth herein constitutes fraudulent business practices under California Business and Professions Code sections § 17200, et seq.

93. Defendant's conduct in mislabeling and misbranding its food products originated from and was approved at Defendant's headquarters.

94. Defendant sold "Whole Foods 365 Everyday Value Plain Greek Yogurt" in California during the Class Period.

95. Defendant's misleading marketing, advertising, packaging and labeling of the "Whole Foods 365 Everyday Value Plain Greek Yogurt" and their misrepresentations that the products were salable, capable of legal possession and not misbranded were likely to deceive reasonable consumers, and in fact, Plaintiffs and members of the Class were deceived. By the acts set forth herein, Defendants have engaged in fraudulent business acts and practices.

96. Defendant's fraud and deception caused Plaintiffs and the Class to purchase Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" that they would otherwise not have purchased had they known the true nature of those products.

97. Defendant sold Plaintiffs and the Class "Whole Foods 365 Everyday Value Plain Greek Yogurt" that were not capable of being sold or held legally and that were legally worthless. Plaintiffs and the Class paid a premium price for the "Whole Foods 365 Everyday Value Plain Greek Yogurt".

98. As a result of Defendant's conduct as set forth herein, Plaintiffs and the Class, pursuant to Business and Professions Code § 17203, are entitled to an order enjoining such future conduct by Defendants, and such other

orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" by Plaintiffs and the Class.

## COUNT IV

**California Business and Professions Code § 17500, et seq.**
**Misleading and Deceptive Advertising**

99. Plaintiffs incorporate by reference each allegation set forth above.

100. Plaintiffs asserts this cause of action for violations of California Business and Professions Code § 17500, et seq. for misleading and deceptive advertising against Defendants.

101. Defendant's conduct in mislabeling and misbranding its food products originated from and was approved at Defendant's headquarters.

102. Defendant sold "Whole Foods 365 Everyday Value Plain Greek Yogurt" in California during the Class Period.

103. Defendant engaged in a scheme of offering "Whole Foods 365 Everyday Value Plain Greek Yogurt" for sale to Plaintiffs and members of the Class by way of, inter alia, product packaging and labeling.  These materials misrepresented and/or omitted the true contents and nature of Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt."

104. Defendant's labels were used within California and come within the definition of advertising as contained in Business and Professions Code

§17500, et seq. in that such product packaging and labeling were intended as inducements to purchase Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" and are statements disseminated by Defendants to Plaintiffs and the Class that were intended to reach members of the Class.

105. Defendants knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive as set forth herein.

106. In furtherance of their plan and scheme, Defendants prepared and distributed within California via product packaging and labeling, statements that misleadingly and deceptively represented the composition and the nature of Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt."

107. Plaintiffs and the Class necessarily and reasonably relied on Defendant's materials, and were the intended targets of such representations.

108. Indeed, as the misrepresentations at issue were contained on the label of the products themselves, the Court may presume that the class relied upon these false statements.

109. Defendant's conduct in disseminating misleading and deceptive statements in California to Plaintiffs and the Class was and is likely to

deceive reasonable consumers by obfuscating the true composition and nature of Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" in violation of the "misleading prong" of California Business and Professions Code § 17500, et seq.

110. As a result of Defendant's violations of the "misleading prong" of California Business and Professions Code § 17500, et seq., Defendants have been unjustly enriched at the expense of Plaintiffs and the Class.

111. Misbranded products cannot be legally sold or held and are legally worthless. Plaintiffs and the Class paid a premium price for the "Whole Foods 365 Everyday Value Plain Greek Yogurt".

112. Plaintiffs and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" by Plaintiffs and the Class.

## COUNT V

### California Business and Professions Code § 17500, et seq.
### Untrue Advertising

113. Plaintiffs incorporate by reference each allegation set forth above.

114. Plaintiffs asserts this cause of action against Defendant for violations of California Business and Professions Code § 17500, et seq., regarding untrue advertising.

115. Defendant's conduct in mislabeling and misbranding its food products originated from and was approved at Defendant's headquarters and occurred in California.

116. Defendant sold "Whole Foods 365 Everyday Value Plain Greek Yogurt" in California during the Class Period.

117. Defendant engaged in a scheme of offering Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" for sale to Plaintiffs and the Class by way of product packaging and labeling.  These materials misrepresented and/or omitted the true contents and nature of Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt."

118. Defendant's advertisements and inducements were made in California and come within the definition of advertising as contained in Business and Professions Code §17500, et seq. in that the product packaging and labeling were intended as inducements to purchase Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt", and are statements disseminated by Defendant to Plaintiffs and the Class.

119. Defendant knew, or in the exercise of reasonable care should have known, that these statements were untrue.

120. In furtherance of their plan and scheme, Defendants prepared and distributed in California via product packaging and labeling, statements that falsely advertise the composition of Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt", and falsely misrepresented the nature of those products.

121. Plaintiffs and the Class were the intended targets of such representations and would reasonably be deceived by Defendant's materials.

122. Defendant's conduct in disseminating untrue advertising throughout California deceived Plaintiffs and members of the Class by obfuscating the contents, nature and quality of Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" in violation of the "untrue prong" of California Business and Professions Code § 17500.

123. As a result of Defendant's violations of the "untrue prong" of California Business and Professions Code § 17500, et seq., Defendant has been unjustly enriched at the expense of Plaintiffs and the Class.

124. Misbranded products cannot be legally sold or held and are legally worthless.

125. Plaintiffs and the Class paid a premium price for the "Whole Foods 365 Everyday Value Plain Greek Yogurt".

126. Plaintiffs and the Class, pursuant to Business and Professions Code § 17535, are entitled to an order enjoining such future conduct by Defendant, and such other orders and judgments which may be necessary to disgorge Defendant's ill-gotten gains and restore any money paid for Defendant's "Whole Foods 365 Everyday Value Plain Greek Yogurt" by Plaintiffs and the Class.

## COUNT VI

### California Common Law Regarding Breach of Express Warranty

127.     Plaintiffs incorporate by reference each allegation set forth above herein.

128. By operation of California law, Defendant entered into a contract with each California class member when the member purchased a container of "Whole Foods 365 Everyday Value Plain Greek Yogurt" in California.

129. By operation of California law, the terms of this contract included an express warranty incorporating the identical affirmation, promise and description by Defendant regarding "Whole Foods 365 Everyday Value Plain Greek Yogurt," made in writing on the "Nutrition Facts" label,

which stated that the good contained 2 grams of sugar per 170 gram serving.

130. The relevant terms and language of the express warranty between Defendant and each member of the class are identical.

131. Defendant has breached the terms of this express warranty in an identical manner for each class member because "Whole Foods 365 Everyday Value Plain Greek Yogurt" did not and could not conform to the affirmation, promise and description on this label because, in fact, the product actually contained over 11 grams of sugar per serving.

132. As a direct and proximate result of this breach of express warranty by Defendant, each member of the class has suffered economic loss.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this court to:

a. Certify the proposed class and sub-classes as class actions pursuant to Fed.R.Civ.P. 23;

b. Enter an order for injunctive and declaratory relief as described herein;

c. Enter judgment in favor of each class member for damages suffered as a result of the conduct alleged herein, to include interest and pre-judgment interest;

d. Award plaintiffs reasonable attorneys' fees and costs;

e. Award plaintiffs and each class member damages;

f. Grant such other and further legal and equitable relief as the court deems just and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.

Date: August 26, 2014          By:     s/Todd M. Friedman
                                        Todd M. Friedman
                                        Law Offices of Todd M. Friedman
                                        Attorney for Plaintiff

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT A

**ConsumerReports**.org

# A Whole Foods 365 Greek yogurt has five times more sugar than its nutrition label shows

**Consumer Reports' tests reveal the plain fat-free yogurt has 11 grams of sugar per serving**
Published: July 17, 2014 05:00 PM



During a recent test of plain Greek yogurts for nutrition and taste, our food experts noted something curious about Whole Foods 365 Every Day Value Plain Fat-Free Greek Yogurt. While the Nutrition Facts labels on the other 12 plain yogurts we evaluated had a range of between 5 and 10 grams of sugar per 8-ounce serving, this 365 yogurt listed only 2 grams.

Too good to be true? To find out, we analyzed six samples of the yogurt from six different lots for sugar content. The results showed an average of 11.4 grams per serving—more than five times what's listed on the label.



To put this in context, bear in mind that all yogurt naturally contains the sugar lactose. That means that even plain yogurts and those made with non-nutritive sweeteners such as stevia and sucralose (not just flavored yogurts that contain added sugar) have some sugar. What's more, the label on this 365 yogurt also listed 16 grams of total carbohydrate per serving. Since lactose provides the vast majority of carbs in yogurt, the numbers just didn't add up.

One of Whole Foods Market's slogans is "Health Starts Here." On the company's website, you'll find a list of more than 75 ingredients it deems "unacceptable" for use in foods sold in its stores, including high-fructose corn syrup, partially hydrogenated oils, and artificial colors. Given Whole Foods' care and attention to food content, this discrepancy in the sugar content in one of its own branded products is that much more bewildering.

**Find out how to make your own Greek yogurt. Plus learn how we rated Greek yogurt dips and frozen Greek yogurt.**

When we contacted Whole Foods Market, a company spokesman expressed surprise about our data. In a statement, the company said: "We are working with our vendor to understand the testing results you have provided. They are not consistent with testing results we have relied upon from reputable third-party labs. We take this issue seriously and are investigating the matter, and will of course take corrective action if any is warranted."

We'll let you know when we get an update from Whole Foods. In the meantime, know that Whole Foods 365 Every Day Value Plain Fat-Free Greek Yogurt is a nutritious food to be sure. It's rich in protein and calcium and it received an Excellent score for nutrition in our tests, even when we analyzed it with 11.4 grams of sugar.

But our data show that its sugar content is in line with other plain Greek yogurts. For people with diabetes and others who watch their sugar intake carefully, every gram—whether it's added or occurs naturally in a food—counts, and consumers have the right to expect that what they read on Nutrition Facts labels is correct.

—*Consumer Reports*

Copyright © 2006-2014 Consumer Reports. No reproduction, in whole or in part, without written permission.